**Jorge Luis PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–99–00358–CR.

Court of Appeals of Texas, San Antonio.

June 28, 2000.

Paul J. Goeky, San Antonio, for appellant.

Barbara Hervey, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LOPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

PAUL W. GREEN, Justice.

Appellant, Jorge Luis Perez, appeals his conviction for murder. Perez pled guilty and was sentenced to fifty years in accor-

dance with the terms of his plea bargain. He preserved a single point of error regarding the trial court's failure to suppress his written statement. Perez contends the statement was inadmissible because it was taken in violation of his rights under the Vienna Convention on Consular relations. We affirm the trial court's judgment.

## Background

Beatrice Cisneros died as a result of a blow to the head. On June 10, 1998, Perez was arrested after his girlfriend's daughter informed police Perez told her he hit Cisneros in the head because she would not be quiet during a robbery. Following the arrest, officers read Perez his *Miranda* rights in Spanish and Perez signed a form stating he understood his rights. Perez denied knowing anything about the murder.

Approximately a week later, Perez notified the police from jail that he wanted to talk. The officers again read him his rights in Spanish. Perez gave a statement in Spanish which was translated and taken down in English. The statement was then read back to Perez in Spanish. He agreed it was correct and signed the statement before two witnesses. In the statement, Perez maintains he was only a witness to the murder; another man actually hit Cisneros.

Unknown to the officers at the time of Perez's arrest and statement, Perez is a citizen of Mexico. Perez was not informed he had a right to contact the Mexican consulate at the time of his arrest or his statement. He contends TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2000) requires suppression of his written statement because he was never advised of his right to contact the Mexican consulate pursuant to the Vienna Convention on Consular Relations.

## Discussion

■ In reviewing the trial court's decision on a motion to suppress, if the appellant alleges error in the application of the law to the facts, we review *de novo*. See *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997). We apply a *de novo* standard in this case because there are no issues of credibility or demeanor of the witnesses. See *State v. Fecci*, 9 S.W.3d 212, 220 (Tex.App.-San Antonio 1999, no pet.)

■ "The Vienna Convention on Consular Relations grants a foreign national who has been arrested, imprisoned or taken into custody a right to contact his consulate and requires the arresting government authorities to inform the individual of this right 'without delay.'" *Rocha v. State*, 16 S.W.3d 1, 13 (Tex.Crim.App. 2000) (citing *Maldonado v. State*, 998 S.W.2d 239, 246–47 (Tex.Crim.App.1999) (citing Vienna Convention on Consular Relations, April 24, 1963, art. 36(1)(b), 21 U.S.T. 77, 100–101, 595 U.N.T.S. 261, 292 (ratified by the United States on Nov.24, 1969))).

The question of whether the Vienna Convention confers on a foreign national an individual "right to consular assistance following arrest" has not been settled. See *Flores v. Johnson*, 210 F.3d 456, 457–58 (5th Cir.2000); see also *Rocha v. State*, at 16–18; *Maldonado v. State*, 998 S.W.2d at 247; *United States v. Lombera–Camorlinga*, 206 F.3d 882, 884 (9th Cir.2000); *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000).

■ However, the Texas Court of Criminal Appeals recently ruled the exclusionary rule of TEX.CODE CRIM. PROC. ANN art. 38.23(a) does not apply to violations of treaties. *Rocha v. State*, at 18–19. Accordingly, suppression of evidence is not an available remedy for violation of the Vienna Convention. *Id.; see also Lombera–Camorlinga*, 206 F.3d at 883–84 (holding suppression is not a remedy for violation of Vienna Convention under federal law); *Li*, 206 F.3d at 66 (denying suppression of evidence as remedy for violation of treaty). Even if Perez's rights were vio-

lated, the trial court was correct to deny the motion to suppress.[1]

### Conclusion

Because Perez had no right to suppression of his statement under the Vienna Convention on Consular Relations, we affirm the judgment of the trial court.

---

1. Additionally, we note Perez did not inform the officers he was a Mexican national nor did he request contact with the consulate. The right to consular assistance, if it exists, is triggered by the request of the person arrested. *See Lombera–Camorlinga,* 206 F.3d at 885. We found no case that suggests the police have an independent duty to inquire about citizenship.