Affirmed and Memorandum Opinion filed July 24, 2003









Affirmed
and Memorandum Opinion filed July 24, 2003.

 

                                                                                                                                                            

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00144-CR

NO.
14-02-00145-CR

____________

 

ROBERTO SANCHEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 209th District Court

Harris County, Texas

Trial
Court Cause Nos. 863,352 & 863,351

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Roberto Sanchez, was convicted by a jury of murder and aggravated assault and
sentenced to 50 and 15 years= imprisonment, respectively. 
In two points of error, appellant claims the trial court erred in
denying his motion to suppress statements obtained during custodial
interrogation because (1) they were obtained in violation of the Vienna
Convention on Consular Relations and (2) the statements were involuntary.

 








Appellant was
first observed running and looking over his shoulder by off-duty police officer
R.J. De La Cruz.  At the same time,
Officer De La Cruz received a police broadcast regarding a shooting at a nearby
location.  A police dog was summoned and
subsequently pulled the appellant out from underneath a house where he was
hiding.  The dog tore appellant=s
shirt and inflicted several bites. 
Appellant was transported to police headquarters where he was  interrogated by
Houston Police Sergeant Xavier Avila.

Avila is
assigned to the Homicide Chicano Squad and speaks Spanish fluently.  Upon arrival to the interrogation, Avila
noticed appellant had no shirt and offered his own for appellant to wear.  Avila also retrieved coffee for appellant.  He testified appellant did not request any
medical treatment or appear to be in pain. 
Speaking in Spanish, Avila notified appellant of his rights, including
the right to remain silent and to an attorney. 
Appellant indicated his understanding of these rights by initialing a Miranda
rights card provided for him in English and in Spanish.  Appellant subsequently admitted to shooting
at the complainants.

Trial counsel
filed two motions to suppress claiming the statements were made involuntarily
and in violation of the Vienna Convention. 
The trial court denied these motions and allowed appellant=s
statements into evidence.  This appeal
followed conviction.








In reviewing
the trial court=s decision on a motion to suppress, if the appellant alleges
error in the application of the law to the facts, our  review is de novo.  See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  Here, appellant argues that the
Court of Criminal Appeals erroneously decided Rocha v. State and asks
this court to exclude his confession as a violation of the Vienna
Convention.  16 S.W.3d
1, 13 (Tex. Crim. App. 2000).  We decline to do so.  A>The
Vienna Convention on Consular relations grants a foreign national who has been
arrested, imprisoned or taken into custody a right to contact his consulate and
requires the arresting government authorities to inform the individual of this
right >without
delay.==@  Id. at 13
(quoting Maldonado v. State, 998 S.W.2d 239, 246-47 (Tex. Crim. App. 1999) (citing Vienna Convention on Consular
Relations, April 24, 1963, art. 36(1)(b), 21 U.S.T., 77, 100-101, 595 U.N.T.S.
261, 292 (ratified by the United States on Nov. 24, 1969)).

The Texas Court
of Criminal Appeals has ruled the article 38.23(a) exclusionary rule of the
Texas Code of Criminal Procedure does not apply to violations of treaties.  Rocha, 16 S.W.3d at 18-19; Perez v.
State, 25 S.W.3d 278 (Tex.
App.CSan Antonio 2000, no
pet.).  Furthermore, the court concluded,
in the absence of contrary instruction from the United States Supreme Court,
neither would it enforce Vienna Convention violations under the federal
exclusionary rule.  Rocha, 16 S.W.3d  at 19; Sifuentes v. State, 29 S.W.3d 238, 243 (Tex. App.CAmarillo 2000, no pet.). 
Therefore, even if Sanchez=s rights under the Vienna Convention were violated, the trial
court was correct to deny the motion to suppress.  See Perez, 25 S.W.3d
at 279-80.

Appellant
further contends that the statements should have been suppressed because they
were made involuntarily.  We find no
substantiation for this claim.  The trial
court is the sole judge of the weight and credibility of the evidence, and the
trial court=s finding may not be disturbed on appeal absent a clear abuse
of discretion.  Miniel v. State, 831
S.W.2d 310, 315 (Tex. Crim. App. 1992).  A statement is involuntary only if there was
official, coercive conduct of such a nature that any statement obtained thereby
was unlikely to have been the product of an essentially free and unconstrained
choice by its maker.  Alvarado
v. State, 912 S.W.2d 199, 211 (Tex. Crim. App.
1995).  AAbsent
[coercive] police conduct causally related to the confession, there is simply
no basis for concluding that any state actor has deprived a criminal defendant
of due process of law.@  Id.  (quoting Colorado
v. Connelly, 479 U.S. 157, 164 (1986)).








The record
indicates no coercion by Officer Avila. 
To the contrary, the record reflects the officer went out of his way to
make appellant comfortable.  Appellant=s
rights were read to him in Spanish and he understood each, indicating his
comprehension both orally and in writing. 
Appellant claims the officer failed to notify him of his right to
contact the Mexican Consulate.  However,
as previously stated, Texas courts have declined to make this an interrogation
requirement.  Therefore, appellant=s
second point of error is overruled. 

We affirm the
trial court=s judgment.

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Memorandum Opinion
filed July 24, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).